IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAWN LAVON EVANS, #31137-177, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:11-CV-1994-D (BK) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. For the reasons that follow, it is recommended that the petition for writ of habeas be dismissed without prejudice for want of prosecution.

**I. BACKGROUND**

In July 2011, Petitioner, a federal prisoner, filed *pro se* motions to correct the judgment revoking his supervised release. *See United States v. Evans*, No. 3:03-CR-381-D. The District Court construed the motions as seeking habeas corpus relief under 28 U.S.C. § 2241, and directed the Clerk of the Court to open a new case and send Petitioner the appropriate form for filing a habeas corpus petition. (Doc. 4) Shortly thereafter, the undersigned ordered Petitioner to submit the section 2241 petition with the $5 filing fee or a motion to proceed *in forma pauperis* no later than September 15, 2011. (Doc. 5.) In late August, however, both orders were returned to the Court as undeliverable. (Doc. 6, 7.) The envelope of the latter order reflected: "Return to sender, refused, unable to forward." (Doc. 7.) As of the date of this recommendation, Petitioner

has failed to notify the Court of his new address.

## II. ANALYSIS

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to notify the Court of his new address. He has impliedly refused or declined to do so. The court is not required to delay disposition in this case until such time as Petitioner decides to notify the court of his new address. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court DISMISS the petition for a writ of habeas corpus without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

SIGNED September 7, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE